UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>MANUEL PEREZ, et al.,<br><br>        Defendants. | Case No.  1:24-cv-00034-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 8 |

Plaintiff Cornel Jackson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 31, 2024, the assigned magistrate judge issued findings and recommendations to dismiss plaintiff's first amended complaint ("FAC") for failure to state a cognizable claim for relief and for misjoining an unrelated claim.  Doc. 8.  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed withing 14 days after service.  *Id.* at 12–13.  Plaintiff filed objections on November 15, 2024.  Doc. 9.

In his objections, plaintiff does not meaningfully address the deficiencies identified in his FAC; rather, he requests leave to file a second amended complaint.  *See generally id.*  However, the objections do not explain, beyond conclusory statements and vague references to future

testimony from unspecified witnesses,[1] how amendment would remedy the deficiencies in the FAC. *Id*. at 2–4; *see also Wolgin v. Simon,* 722 F.2d 389, 394–95 (8th Cir. 1983) (leave to amend is generally inappropriate where the plaintiff has not indicated how amendment would make the complaint viable, either by submitting a proposed amendment or otherwise indicating what an amended complaint would have contained).  Plaintiff already had an opportunity to amend his initial complaint and his first amended complaint failed to remedy the deficiencies.  Plaintiff's objections do not undermine the reasoning in the findings and recommendations and do not set forth a basis for granting further leave to amend.

Accordingly:

1. The findings and recommendations issued on October 31, 2024, Doc. 8, are adopted in full;
2. This action is dismissed; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 24, 2025

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff need not offer evidence at the screening stage in order to allege a cognizable claim for relief, but he must allege facts sufficient to allow for the inference that each defendant is liable for the misconduct alleged. *See* Fed. R. Civ. P. 8(a)(2) (a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).